NITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : |
| **MARKQUETTE RAJON COWAN,** | :   CRIMINAL NO. 23-CR-379 (ABJ) |
| also known as "Quette," | : |
| also known as "Lil Why," | : |
| | : |
| **CHRISTOPHER JORDAN BROADY,** | : |
| also known as "Suave," | : |
| also known as "Swerve," | : |
| | : |
| **JOSHUA NICHOLAS STEPHENSON,** | : |
| also known as "Migo," | : |
| also known as "3igo," | : |
| | : |
| **Defendants.** | : |

## UNITED STATES' MOTION TO CONTINUE THE TRIAL DATE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully moves the Court to continue the trial date for a period of not less than 60 days. The bases for this motion follow.

## RELEVANT FACTS

On February 8, 2024, a grand jury sitting in the District of Columbia returned a Superseding Indictment charging Defendants and three co-defendants with numerous offenses related to their participation in overlapping conspiracies to distribute controlled substances and discharge, brandish, use, carry, and possess firearms during, in relation to, and in furtherance of that drug trafficking conspiracy. (Docket Entry 18). By April 9, 2024, all six Defendants had been arrested. Minute Entry, 4/9/24.

1

On April 19, 2024, the parties appeared for a status conference, at which time each of the above-captioned Defendants requested new counsel. That same day, the Court granted the United States' motion to declare the case "Complex" under the Speedy Trial Act (Docket Entry 40), and also granted the United States' motion for a protective order. (Docket Entry 42). On April 22, 2024, Attorney Guillaume entered his appearance on behalf of Defendant Broady. (Docket Entry 44). Attorneys Lawlor and Demetriou entered their appearance on behalf of Defendant Stephenson. (Docket Entries 49, 51). That same day, Attorney Jenkins entered his appearance on behalf of Defendant Cowan. (Docket Entry 52). At the Defendants' request, the Court published a Scheduling Order on June 5, 2024, which established various motions deadlines and scheduled trial for April 9, 2025. (Docket Entry 58).

The Scheduling Order allocated 38 days, from October 1, 2024, to November 8, 2024, for the filing of Rule 12 motions, and provided a gap of 90 days before Motions *In Limine* were due – presumably to allow the Court time to read, hold argument, and rule on those motions. Id. ¶ 1. The Scheduling Order then provided 21 days for the filing of Motions *In Limine*, and responses to those motions. Id. ¶ 2.[1] The Scheduling Order then provided for a gap of 18 days between the last filing related to Motions *In Limine* and the filing of a Joint Pretrial Statement, with the Parties' exhibits due to the Court the following day. The Court allowed itself two weeks to consider those submissions in advance of the pretrial conference. Id. ¶ 3-5.[2] Finally, the Scheduling Order provided nine days between the final pretrial conference and the first day of jury selection.

---

[1] Notably, Motions *In Limine* were scheduled to be due 41 days prior to trial.

[2] Undersigned counsel understands the value of this 18-day window given the complexity of the Court's Joint Pretrial Statement, which requires the parties to not only submit their witness and exhibit lists but also note their objections to proposed witnesses and exhibits in order that the Court may rule on all of those objections prior to trial.

To date, none of the Court's established deadlines has been met. At defense counsel's written request, undersigned counsel filed a Consent Motion on September 27, 2024, requesting that the schedule for Rule 12 motions be continued by 30 days. (Docket Entry 72). In support of that motion, the United States represented the following:

> As the Court is aware, undersigned counsel recently completed trial in the related case (22-CR-303). In light of the outcome of that trial, and the evidence presented during trial, the parties desire an opportunity to engage in an additional round of plea negotiations before pre-trial motions practice.

Id. ¶ 2. The Court granted that motion, and ordered that the Defendants file their pretrial motions by November 1, 2024. Minute Order, 9/30/24.

On October 10, 2024, undersigned counsel received an email from defense counsel indicating that they were considering the plea offers and needed additional time so that they could communicate as a group and make a counteroffer. On November 1, 2024, counsel for Defendant Stephenson filed an Unopposed Motion to Extend the deadline for motions that were due that same day. (Docket Entry 75). The Court granted that Motion, and ordered that the Defendants' Rule 12 Motions be filed on December 13, 2024. Minute Order, 11/4/24.

On December 2, 2024, undersigned counsel sent an email to defense counsel requesting information on whether the Defendants were intending to file pretrial motions, or whether they were still considering the plea offers. On December 4, 2024, undersigned counsel received an email articulating defense counsel's belief that the case was likely to resolve by plea and that an additional motion to continue the motions deadline would be filed. On December 12, 2024, counsel for Defendant Stephenson filed an Unopposed Motion to Extend the deadline. (Docket Entry 80). The Court granted that Motion, and ordered that the Defendants' Rule 12 Motions be filed on January 13, 2025. Minute Order, 12/13/24. That deadline passed without a filing.

Undersigned counsel communicated via telephone with counsel for Defendant Stephenson multiple times during the first two weeks of January to discuss the plea offers and defense counsel's difficulty in meeting with their clients as a group. Undersigned counsel was informed that, due to the gravity of the charges, the Defendants did not want to discuss the pleas individually. During one of those conversations, undersigned counsel suggested that the prolonged plea negotiations were putting the trial date in doubt, and suggested that the trial date be continued or vacated to allow sufficient time for the Defendants to consider the plea agreements.

On January 23, 2025, undersigned counsel received an email from defense counsel indicating that their attempt to have their clients brought over to the Courthouse for a group meeting fell through. In that same email, defense counsel agreed that the trial date should be moved and that the parties should seek a status conference to allow defense counsel to meet with their clients as a group. The parties then consulted their calendars, and undersigned counsel filed a consent motion for a status conference. (Docket Entry 89).

Prior to filing that motion, undersigned counsel communicated with counsel for each of the Defendants and, based on those conversations, understood that the parties were agreed regarding the trial date. That understanding was renewed in the Courtroom on February 7, 2024, prior to the Court taking the bench; though, ultimately, the Defendants elected to reverse course and keep the original trial date absent the filing of a Superseding Indictment.

## **ANALYSIS**

The Ends of Justice require a 60-day continuance of the trial date, so that the United States may properly weigh its options regarding a Superseding Indictment and so that all parties have sufficient time to file their pretrial motions and adequately prepare for trial. The United States consented to three continuances of the pretrial motions deadline due to the parties' good faith

pursuit of plea negotiations. The Defendants should not be permitted to use that acquiescence to force the United States to simultaneously prepare for a complex trial and defend against a flurry of pretrial motions on a truncated timetable.

The Court has not yet set a revised motions calendar. Assuming the Court ordered Defendants to file their Rule 12 motions on Friday February 14, the United States would have until February 28 to respond, and replies would be due March 7.[3] Even if the Court moved with alacrity, it is difficult to imagine that the Court's calendar would allow it to read all of the pleadings, preside over motions hearings as necessary, and rule on those motions prior to March 21. However, even if the Rule 12 motions were all resolved by March 21, the parties would have only 10 days to prepare and file Motions *In Limine*,[4] respond to opposing counsel's Motions *In Limine*, and prepare the Joint Pretrial Statement. This simply is not enough time to litigate the important issues that the Defendants face in advance of a trial where, if convicted, they face substantial mandatory minimum sentences.

Moreover, neither Judicial Economy nor Public Policy are served by requiring the United States to choose between superseding the Indictment to add additional charges or preparing for trial in such an inefficient and disjointed manner. This Court presided over trial in the companion case – which involved the presentation of hundreds of exhibits and a dozen witnesses over the course of more than two weeks. This case will necessarily require more exhibits and more witnesses, and

---

[3] Undersigned counsel respectfully submits that the parties would likely be unable to follow this schedule. Counsel for the United States are both in trial before Judge AliKahn beginning February 24 and undersigned counsel understands that at least one defense counsel has trial during this period as well.

[4] It would be impossible for the parties to file meaningful Motions *In Limine* until they know for certain which evidence was, or was not, going to be admitted at trial.

a trial this complex cannot be efficiently prepared by attorneys who are simultaneously engaged in pretrial litigation.

In much the same way, proceeding to trial on April 9 presents a substantial risk that the Defendants will be denied their rights to the effective assistance of counsel and a fundamentally fair trial. Undersigned counsel has tremendous respect for defense counsel and their trial skills – which are known to be outstanding. Still, much as the United States cannot meaningfully prepare for trial under the timeline described above, neither can they. Defense counsel does not yet know which of the thousands of messages, photos, and videos, have been culled for use as Exhibits at trial, has not yet reviewed the United States' expert witness disclosures – which have not been filed given the repeated continuances during plea negotiations, and has not yet reviewed any of the evidence from the cooperating witnesses who will testify at trial.

The parties have not been idle – they have been engaged in good faith plea negotiations. Those negotiations were slowed, in part, by the winter holidays and defense counsel's trial schedules. Negotiations were further slowed by the Defendants' stated desire to discuss the plea agreements in a group, rather than individually. Though it was not the parties' intention, the timing and duration of those negotiations resulted in an insufficient amount of time to both adequately litigate pretrial motions and prepare for the scheduled trial date. As the Supreme Court has recognized, the defendants have an absolute right to an "ample opportunity to meet the case of the prosecution. . . ." Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 276 (1942)). Given the size and scope of the United States' trial evidence, the Sixth Amendment requires that the Defendants not be forced to prepare their defense piecemeal over the course of 61 days while they are also filing, and responding to, extensive pretrial motions.

Moreover, the continuance of the trial date should be excluded from the Speedy Trial clock, because the ends of justice that are served by this continuance outweigh the interests of both the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The continuance of the trial date is a necessary result of the prior continuances of the pretrial motions deadlines, and the Defendants should not be permitted to use the Speedy Trial Act to force a trial on April 9. See, e.g., United States v. Lattany, 982 F.2d 866, 883 (3d Cir. 1992) ("Defendants cannot be wholly free to abuse the system by requesting [] continuances and then argue that their convictions should be vacated because the continuances they acquiesced in were granted"); United States v. Kucik, 909 F.2d 205, 211 (7th Cir. 1990) (when Defendant actively participates in obtaining continuance, he may not rely on that period to support dismissal [on Speedy Trial grounds]), cert. denied 498 U.S. 1070 (1991).

WHEREFORE, the United States respectfully requests that the April 9, 2025, trial date be CONTINUED for a period of not less than 60 days.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866

By:  /s/ James B. Nelson
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov

/s/ Justin F. Song
JUSTIN F. SONG
N.Y. Bar No. 5626379
Assistant United States Attorney
Federal Major Crimes Section
601 D. Street, N.W.
Washington, D.C. 20530
(202) 227-9019
justin.song@usdoj.gov