IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-cr-379-ABJ |
| JOSHUA STEPHENSON : | |
| Defendant. : | |

**RESPONSE TO THE GOVERNMENT'S MOTION AND NOTICE REGARDING FEDERAL RULES OF EVIDENCE 404(b) AND 609**

Defendant Joshua Stephenson ("Mr. Stephenson"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully submits the following response to the Government's Motion and Notice Regarding Federal Rules of Evidence 404(b) and 609 (ECF No. 147).

**I.    Procedural History**

On February 8, 2024, the Government filed the operative Superseding Indictment. (ECF No. 18.) The Superseding Indictment charges six defendants in 15 counts.[1] Mr. Stephenson is charged with the following offenses: conspiracy to distribute and possess with intent to distribute 100kg or more of marijuana and a

---

[1] Defendants Emmanuel Reid, Dartanyan Hawkins, and Isjalon Armstead have since pled guilty.

1

detectable amount of Oxycodone (Count One); conspiracy to discharge, brandish, use, carry, and possess firearms in furtherance of a drug trafficking crime (Count Two)[2]; carrying a pistol without a license (Count Three; D.C. Code violation); distribution and possession with intent to distribute marijuana (Count Five); discharging a firearm during and in relation to a drug trafficking crime (Count Six); using, carrying, and possessing firearms during and in relation to a drug trafficking crime (Count Seven); possession with intent to distribute marijuana (Count Nine); and using, carrying, and possessing a firearm during and in relation to a drug trafficking crime (Count Ten). Mr. Stephenson is *not* charged in the following counts: Four, Eight, Eleven, Twelve, Thirteen, Fourteen, and Fifteen.  A hearing on Mr. Stephenson's pending Motion to Sever (ECF No. 111) and Motion to Suppress Fruits of Warrantless Searches and Seizures (ECF No. 112) is set for July 7, 2025. The parties' Joint Pretrial Statement is due by September 5, 2025. A pretrial conference is set for September 19, 2025. A jury trial is scheduled to begin on October 6, 2025.

On June 2, 2025, the Government filed its Motion and Notice Regarding Federal Rules of Evidence 404(b) and 609. The Government has not submitted any exhibits in support of its Motion. Some of the Government's requests are vague or

---

[2] The Superseding Indictment alleges 78 overt acts in furtherance of the conspiracy charged in Count Two.

overbroad. As to certain requests presented in the Motion, Mr. Stephenson is unable to respond fully because the Government has not provided relevant materials in discovery. Mr. Stephenson will respond briefly to each aspect of the Government's Motion and Notice.

## II. Evidence of "Crew Affiliation" and "Status" within "Crews"

The Government's request is vague and overbroad. The Court should deny it. The Government states that it will offer Instagram posts, electronic messages, photographs of the defendants wearing branded clothing, and evidence regarding "trap houses," to prove that the defendants were members of the so-called PDS crew. Notably, the Government has not offered a single social media post, electronic message, or photograph in support of its request. Mr. Stephenson therefore cannot respond. Mr. Stephenson reserves the right to object to any such evidence.

## III. "Spinning the Block"

The Government's request is again vague and overbroad. It should be denied. The Government has not set forth the specific evidence it seeks to admit. To the extent the Government seeks to introduce undisclosed evidence concerning uncharged murders or other uncharged acts of violence, Mr. Stephenson objects on 401, 403, and timeliness grounds. It does not appear that the Government has provided discovery about the murders of "Big Boy" and "Lil Mo." The Government has not even alleged the date on which these murders occurred.

## IV. Undisclosed Evidence of Prior Contacts with Law Enforcement

Mr. Stephenson is unable to respond to this request with any degree of specificity. Moreover, the Government's failure to provide discovery about the incidents at issue in this request is concerning. The Government has set forth seven Metropolitan Police Department incident numbers an announced an intent to introduce evidence concerning "police activity" related to the defendants. It is entirely unclear what evidence concerning these incidents the Government intends to introduce. It is not sufficient to paraphrase from a police report, provide no discovery, and declare admissible a host of irrelevant and prejudicial police interactions. Mr. Stephenson objects on 401, 403, 404(b), Rule 16, and due process grounds. As an initial matter, as to certain of these seven incidents, the Government has not provided in discovery any police reports, body-worn camera footage, surveillance footage, photographs, laboratory reports, or recorded statements. It is impossible for Mr. Stephenson to respond to this motion and defend against these uncharged allegations at trial without discovery.[3]

As to the first incident (CCN 19-014-354), the Government has not provided any discovery. Given that the first overt act involving Mr. Stephenson is alleged to have occurred on March 22, 2020, this incident, which allegedly occurred in January

---

[3] In his severance motion, Mr. Stephenson raised that same concern with respect to the Government's failure to provide him with discovery about *charged* conduct. (ECF No. 111 at 7-8.)

4

2019 when Mr. Stephenson was 18 years old, appears to have no relevance to this case. No other co-defendant is alleged to have been involved in this incident. The Government has offered no specific argument for the admissibility of this incident.

The second incident (CCN 19-038-551) is alleged as overt act 2 in furtherance of the conspiracy charged in Count Two. Nonetheless, Mr. Stephenson has still received no discovery concerning the incident. The Government has offered nothing apart from a conclusory statement to connect the alleged trap house to the charged conspiracies. The Government has come forward with no evidence connecting Mr. Stephenson to the specific apartment. Evidence concerning this incident is irrelevant and would be overly prejudicial.

As to the third incident (CCN 19-211-899), Mr. Stephenson has received no discovery. The Government has come forward with no evidence connecting Mr. Stephenson to this incident. It is not alleged as an overt act in furtherance of either charged conspiracy. The admission of evidence concerning this incident – which has nothing to do with Mr. Stephenson – would be highly prejudicial and not at all probative of the charged conduct. The same is true with respect to the fourth incident (CCN 20-008-394) and the fifth incident (CCN 20-020-651).

As to the sixth incident (CCN 21-172-255), again, Mr. Stephenson has received no discovery. The Government has not even alleged the date on which this shooting occurred. It would appear that the Government's narrative is based on

hearsay information provided to police officers. In light of the gravity of the allegation, which involves a shooting, and the Government's failure to provide discovery, Mr. Stephenson simply cannot mount an appropriate defense. There is no allegation that this shooting was in any way connected to the charged conduct. The admission of undisclosed evidence of a contact shooting would be far more prejudicial than probative.

As to the seventh incident (CCN 23-125-148), Mr. Stephenson has received no discovery. This incident alleged occurred after Mr. Stephenson had already been incarcerated for several months. Mr. Stephenson had no involvement in it. This incident is irrelevant as to Mr. Stephenson and the presentation of evidence concerning it would be highly prejudicial.[4] The Government's limited recitation contains no allegation bearing any relevance to the charges at issue in this case.

The Government's request to admit evidence concerning these uncharged incidents threatens the trial schedule, which has been in place for several months. In addition to preparing for trial on the charged conduct (including 78 overt acts in one of the *two* conspiracies and other substantively charged counts), as to which there is still discovery that has not been provided to Mr. Stephenson, counsel must now chase down discovery related to seven more incidents, watch (presumably) hours of

---

[4] Mr. Stephenson submits that this incident too provides support for his severance motion, which remains pending.

undisclosed body-worn camera footage, prepare specific arguments for the exclusion of evidence, and, if those arguments are not successful, prepare to confront the allegations at trial. The Court should preclude the Government from offering evidence of these incidents at trial.

## V. Undisclosed and Unspecified Jail Fights

Mr. Stephenson is unable to respond with specificity. The Government has not alleged the dates on which the purported jail fights occurred. Nor has the Government named the participants in each fight. Mr. Stephenson has not received any reports, statements, surveillance footage, or body-worn camera footage[5] related to the fights. The Court should deny the motion.

## VI. Evidence of the Specifics of Mr. Broady's Prior Convictions

This evidence is irrelevant to Mr. Stephenson. The presentation of this evidence at Mr. Stephenson's trial would invite a finding of guilt by association. If Mr. Stephenson's severance motion is not granted, the jury will see Mr. Broady and Mr. Stephenson seated at the same trial table. The Government proposes to display photographs of their mugshots throughout the trial. The Government further proposes to introduce the specifics of Mr. Broady's prior convictions, which do not involve Mr. Stephenson. Mr. Stephenson submits that the presentation of evidence

---

[5] Correctional officers at the D.C. jail are equipped with body-worn cameras.

of the specifics of Mr. Broady's prior convictions would invite nullification of the presumption of innocence. Mr. Broady's convictions are inadmissible against Mr. Stephenson. If the Court denies the severance motion, the Court should exclude this evidence.[6]

### VII. Unspecified Evidence that the Trial Defendants Possessed Firearms at Various Times

The Government has not identified any specific evidence relevant to its request in this motion. The Court should therefore deny the request. Mr. Stephenson reserves the right to object to any evidence of uncharged firearms activity.

### CONCLUSION

The foregoing constitutes Mr. Stephenson's position as to each of the requests in the Government's 404(b) and 609 Motion.

Respectfully submitted,

_____/s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

---

[6] This argument applies equally to the Government's Rule 609 notice as to Mr. Broady.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of June, 2025, the foregoing was served on all parties via ECF.

_____/s/_____
Michael E. Lawlor