**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 23-cr-379 (ABJ)** |
| **LARRY DUNCAN,** | |
| **Defendant.** | |

**DEFENDANT LARRY DUNCAN'S MOTION TO STRIKE, REJECT, OR DISMISS THE FOURTH SUPERSEDING INDICTMENT OR, IN THE ALTERNATIVE, TO PRECLUDE ANY DEATH PENALTY NOTICE**

Defendant Larry Duncan, through undersigned counsel, respectfully moves this Court to strike, reject, or dismiss the Fourth Superseding Indictment filed on May 1, 2026, or alternatively to preclude the Government from seeking the death penalty based upon the untimely filing of the superseding indictment and the resulting substantial prejudice to the defense.

In support thereof, Defendant states as follows:

### I. PROCEDURAL HISTORY

This matter has been extensively litigated and prepared for trial for many months. The Third Superseding Indictment was filed on October 29, 2025. Trial proceedings were thereafter actively scheduled and litigated under that charging instrument.

On April 1, 2026, this Court entered a Minute Order addressing Defendant Duncan's pending motions and expressly recognized the Government's contemplation of a possible superseding indictment. The Court stated:

"As explained at the status conference held on April 1, 2026, the Court will hold the briefing on the motion to sever in abeyance pending the government's decision to pursue a superseding indictment."

On April 13, 2026, the Court entered a subsequent Minute Order removing the severance motion from abeyance and directing the Government to respond by April 27, 2026, thereby signaling that the case would proceed toward trial under the existing indictment structure absent further delay.

Despite these proceedings and despite the case being firmly set for trial preparation, the Government waited until May 1, 2026 to file the Fourth Superseding Indictment.

The Fourth Superseding Indictment materially altered the case by adding a new death-resulting firearm offense under 18 U.S.C. § 924(j). Count Three now alleges "Causing Death Through the Use of a Firearm During and in Relation to a Drug Trafficking Offense." The Third Superseding Indictment did not contain this federal death-resulting offense.

The Government has also informed defense counsel that it has not yet determined whether it intends to seek the death penalty. In an email dated May 7, 2026, to Defense Counsels, the Government stated:

"The decision on whether the government intends to seek the death penalty is still pending with the AG. We have requested expedited review and will notify you as soon as we hear a decision, which we expect to be in the next few weeks."

Meanwhile, this matter is already scheduled for jury questionnaire proceedings on June 8, 2026, and jury selection on June 24, 2026.

## II. THE FOURTH SUPERSEDING INDICTMENT UNFAIRLY PREJUDICES THE DEFENSE

The Government's timing has created precisely the type of prejudice and disruption that warrants judicial intervention.

This case has been litigated for years. Extensive pretrial litigation has already occurred. Trial dates and jury procedures have already been scheduled. The parties and the Court have proceeded under the understanding that the case would move toward trial.

Now, after the Court lifted the abeyance on the severance motion and after substantial trial preparation has occurred, the Government filed a new superseding indictment containing a federal death-resulting charge while simultaneously informing defense counsel that the Attorney General has not yet decided whether the Government will seek capital punishment.

The practical effect of the Government's actions is obvious: if the Attorney General authorizes a death notice, the existing trial schedule cannot realistically proceed.

A capital prosecution fundamentally transforms every aspect of the case, requiring, among other things, a comprehensive mitigation investigation, the involvement of learned counsel, the retention of specialized experts, and the conduct of death-qualification during voir dire. It also necessitates extensive penalty-phase preparation, significantly expanded discovery obligations, and complex constitutional litigation under the Federal Death Penalty Act, all while introducing entirely new and heightened strategic considerations for the defense.

The Government's delayed filing therefore places Defendant in an impossible position: either proceed to trial unprepared for a potential capital prosecution or seek a continuance that will substantially delay a case already pending for years.

The prejudice is compounded because the Government was plainly aware of the underlying facts long before May 2026. The homicide allegations underlying the new § 924(j) charge have been part of the case narrative since earlier indictments. Yet the Government waited until weeks before jury questionnaire proceedings and months after the Court addressed superseding indictment issues to fundamentally alter the case posture.

### III. THE COURT HAS AUTHORITY TO DISMISS OR STRIKE THE SUPERSEDING INDICTMENT

While superseding indictments are generally permitted, courts retain inherent supervisory authority to prevent unfair prejudice and prosecutorial gamesmanship.

Under Rule 48(b), a court may dismiss an indictment where unnecessary delay prejudices the defendant. Likewise, courts possess supervisory authority to remedy prosecutorial conduct that undermines the fairness and integrity of judicial proceedings.

Although the Supreme Court in *United States v. Rojas-Contreras*, 474 U.S. 231 (1985), held that the Speedy Trial Act does not automatically restart the thirty-day preparation period upon a superseding indictment, the Court expressly recognized that district courts possess broad discretion to grant appropriate relief where a superseding indictment prejudices trial preparation.

Courts have repeatedly recognized that dismissal or other sanctions may be appropriate where the Government's timing unfairly prejudices the defense or creates tactical disadvantage.

Here, the prejudice is concrete and substantial:

1.    The Government waited until after critical pretrial rulings and trial scheduling to file the Fourth Superseding Indictment;

2.    The Government added a death-resulting firearm charge that fundamentally changes the nature of the prosecution;

3.    The Government still has not decided whether to seek the death penalty;

4.    Jury questionnaire proceedings and jury selection are imminent;

5.    Any death authorization would necessarily derail the existing trial schedule and force extensive additional litigation and preparation;

6.    The Government's conduct effectively forces the defense to choose between inadequate preparation and a continuance.

This is precisely the type of unfair prejudice warranting judicial intervention.

## IV. ALTERNATIVELY, THE COURT SHOULD PRECLUDE ANY DEATH PENALTY NOTICE

At minimum, the Court should preclude the Government from seeking the death penalty in this matter.

The Government should not be permitted to wait until the eve of trial to add a death-eligible offense while simultaneously withholding its capital authorization decision until weeks before jury proceedings.

Allowing a death notice under these circumstances would destroy the current trial schedule; require massive additional preparation; prejudice defense unfairly, and undermine the orderly administration of justice.

The Court has inherent authority to manage its docket and prevent unfair prejudice resulting from untimely prosecutorial action.

Wherefore, Defendant Larry Duncan respectfully requests that this Court:

1.    Strike, reject, or dismiss the Fourth Superseding Indictment;

2.    Alternatively, dismiss Count Three of the Fourth Superseding Indictment;

3.    Alternatively, preclude the Government from seeking the death penalty in this matter;

4.    Grant such further relief as the Court deems just and proper.

Respectfully submitted,

ROLLINS AND CHAN

/s/

_____
Mark Rollins
Counsel for Larry Duncan
419 7th Street, NW
Suite 405
Washington, DC 20004
Main: 202-455-5610
Direct: 202-455-5002
mark@rollinsandchan.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion was served pursuant to the rules of the Court.

/s/

_____
Mark Rollins