**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **MARKQUETTE RAJON COWAN,** | : | **CRIMINAL NO. 23-CR-379 (ABJ)** |
| also known as "Quette," | : | |
| also known as "Lil Why," | : | |
| | : | |
| **CHRISTOPHER JORDAN BROADY,** | : | |
| also known as "Suave," | : | |
| also known as "Swerve," | : | |
| | : | |
| **JOSHUA NICHOLAS STEPHENSON,** | : | |
| also known as "Migo," | : | |
| also known as "3igo," | : | |
| | : | |
| **LARRY DUNCAN,** | : | |
| also known as "Larry Love," | : | |
| also known as "Love," | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## JOINT[1] PROPOSED QUESTIONS FOR JURY QUESTIONNAIRE

**Government's Proposed Questions**

1. Judge Amy Berman Jackson will preside over this trial. The lawyers representing the United States during this trial will be Assistant United States Attorneys Alyssa Levey-Weinstein, Emma McArthur, and Matthew Mattis. Assisting them at trial will be Paralegal Specialist Candace Battle. The lawyers representing the defendants during this trial will be Robert Jenkins, Jr., Alfred Guillaume, III, Todd Baldwin, Christina Raskin, and Mark Rollins.

   There are four defendants in this case: Markquette Rajon Cowan, Christopher Jordan Broady, Joshua Nicholas Stephenson, and Larry Duncan. Do you believe you know, or have any connection to or association with any of these people?

---

[1] Counsel for the government provided its proposed list of questions to defense counsel on May 27, 2026. As of the time of filing, no response was received from counsel for Christopher Broady or Markquette Cowan.

2. Earlier, you heard a short statement of the case. Do you believe you may know anything about the facts and circumstances of this case, other than what you heard from the Judge?

3. The offenses in this case allegedly took place at the following locations:

   The area around Wheeler Road Southeast between Alabama Avenue Southeast and Mississippi Avenue Southeast in Washington, D.C., including the Oak Hill Apartment Complex in the 3300 block of Wheeler Road Southeast and the Holiday Market or Holiday Liquor Store at 3509 Wheeler Road Southeast;

   The 3300 block of 10th Place Southeast;

   An apartment building located at 3417 15th Street Southeast; a residence located at 2758 Shipley Terrace Southeast;

   The 800 block of Xenia Street Southeast;

   The Overlook at Oxon Run at 3700 9th Street Southeast;

   The intersection of Third Street Southeast and Atlantic Street Southeast; and

   A residence located at 400 Cedar Ridge Drive Southwest, Oxon Hill, Maryland.

   Do you live or work nearby or have any familiarity with any of these locations?

4. The government will call a number of witnesses to testify during the trial. The defense may also do so, but is not required to call witnesses. The people who may testify in this case for one side or the other or whose names you might hear include:

   [INSERT WITNESS LIST].

   Do you recognize or think that you may know any of these witnesses?

5. Please take a look around the room. Do you recognize or think you may know any other member of the jury panel or any other person in the courtroom?

6. Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training?

7. Have you, or any of your close friends or members of your household or family, ever worked for or with a prosecutor's office? This includes government agencies such as the United States Attorney's Office, the D.C. Attorney General's Office, the Department of Justice, or any Attorney General's Office, district attorney's office, or state or commonwealth's attorney's office. Please also answer this question "yes" if you or a close friend or member of your household or family have a pending application for employment with a prosecutor's office.

8. Have you, or any of your close friends or members of your household or family, ever worked for or with a law enforcement agency? That would include police and government agencies such as the Metropolitan Police Department; the Federal Bureau of Investigation or FBI; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known

as the ATF; the Drug Enforcement Administration, or DEA; the U.S. Park Police; the U.S. Secret Service; the Internal Revenue Service; the CIA; Immigration and Customs Enforcement (ICE); the Department of Homeland Security; the Department of Corrections in D.C. or elsewhere; any state or local police and fire departments, or any military police or criminal investigative service. Please also answer "yes" to this question if you, a close friend, or a member of your family or household has a pending application to work at one of those places.

9. Have you, or any of your close friends or members of your household or family, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's Office, defense attorneys, or a private law firm? This question also includes work as a private investigator, and as with the questions before, you should answer "yes" if there is an application pending to work at one of those places.

10. Have you, or any of your close friends or members of your household or family, ever worked at a courthouse or for a court system, including: D.C. Superior Court, or this court, the U.S. District Court, and that would include working at – or, as before, having an application pending right now – at the Pretrial Services Agency, the Court Services and Offender Supervision Agency (CSOSA), the U.S. Probation Office, or as a probation or parole officer anywhere?

11. Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office; a public defender service; a law firm that does criminal defense work; with any local, state, or federal law enforcement agency, as defined above; or with any courthouse or court system as defined above?

12. There will be testimony from law enforcement personnel in this case. Would the fact that a witness is a police officer or law enforcement agent have any effect on whether or not you believe that person's testimony? In other words, would just the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe their testimony before you hear it?

13. Have you ever personally participated in, or made a financial contribution to, any anti-crime or victims' rights organizations, such as neighborhood watch, or have you participated in or donated to any organization or program that advances the interests of law enforcement officers or their families?

14. Have you participated in protests, marches, candlelight vigils, or other activities in response to law enforcement activity, or have you ever worked for or contributed to any group that advocates defunding or de-militarizing the police?

15. Have you had any personal experiences — either positive or negative — with the police or a prosecutor or other law enforcement personnel, or with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

16. Have you served as a juror within the past ten years, either on a grand jury or a petit jury, on the federal, state, or local level?

17. Within the past ten years, have you or a close friend or family member been the victim of, or witness to, a crime? This includes crimes that were not reported to law enforcement at the time, but does not include traffic offenses like parking or speeding tickets.

18. Have you or a close friend or family member ever been accused of, arrested for, or charged with a crime? Do not include traffic offenses like parking or speeding tickets.

19. This case is about an alleged conspiracy to sell marijuana and oxycodone, an alleged conspiracy to possess and sell handguns and machine guns in furtherance of that drug trafficking activity, an alleged murder, and other alleged firearms and narcotics offenses. Is there anything about the nature of those charges alone that would make it difficult for you to be a fair and impartial juror in this case?

20. Do you have strong feelings about guns or concerning gun control laws, either favoring or opposing such legislation, or the Second Amendment generally, that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

21. Do you have strong feelings concerning another person's alleged possession of a gun or guns that would affect your ability to render a fair and impartial verdict if you are chosen as a juror?

22. There will be allegations in this case about the possession and sale of machine guns. Do you have strong feelings about that type of weapon that would affect your ability to render a fair and impartial verdict in this case?

23. Are you a member of, or otherwise support, groups that advocate for gun rights, such as the National Rifle Association, or a group that advocates for restrictions on firearms, such as the Brady Campaign?

24. Have you, or a close friend or family member, ever been affected in any way by the use of a gun?

25. One of the controlled substances that defendants allegedly conspired to sell or possess with the intent to distribute is marijuana. Do you have strong feelings about marijuana – such as favoring or opposing the legalization of marijuana, or about the existence of federal laws against the sale or possession with intent to sell marijuana and how they are enforced, or whether it is fair to enforce those laws in the District of Columbia where possession of small amounts of marijuana has been legalized — that would prevent you from keeping an open mind and being fair to both sides?

26. There are charges in this case involving possession of Oxycodone with the intent to distribute it. Do you have strong feelings about Oxycodone that would make it difficult for you to render a fair and impartial verdict if you were selected as a juror?

**DEFENSE OBJECTION TO QUESTION 27:** *Defendant Larry Duncan objects to the inclusion of Question 26 on the grounds that the Oxycodone count is the subject of a pending defense motion to dismiss for lack of drug identification evidence — specifically, the absence of laboratory analysis confirming the identity of the substance. In the event the Court denies the motion to dismiss, the defense withdraws this objection and has no further objection to Question 26.*

27. Is there anything about the fact that this case involves a large quantity of narcotics that would make it difficult for you to render a fair and impartial verdict if you were selected? This includes whether you or a close friend or family member has been affected by, treated for, or suffered any negative consequences due to drug use?

28. You will hear evidence about an alleged murder in this case. Is there anything about the nature of that charge that would make you unable to sit as a fair and impartial juror?

29. You will hear evidence in this case about gang membership. Do you have such strong feelings about gangs that you would not be able to sit as a fair and impartial juror in this case?

30. You may hear from a witness or witnesses who have an agreement to cooperate with the government. Is there anything about that circumstance alone that will make it difficult for you to evaluate their testimony fairly and impartially in accordance with the Judge's instructions?

31. In every trial, the defendant is presumed to be innocent throughout the trial, and the defendant cannot be found guilty of an offense unless and until the government has proven each element of that offense beyond a reasonable doubt. Would you find it difficult for any reason to obey that instruction?

32. At the end of the trial, the Judge will be instructing you about the law that applies to this case. Is there any way you would find it difficult to disregard any ideas, notions, or beliefs about the law you may hold, and render a fair and impartial verdict based solely on the evidence presented and the instructions of law?

33. Do you have any moral, religious, political, ethical or any other beliefs that prevent you from sitting in judgment of another person in a criminal trial?

34. Once the trial begins, we generally sit in the courtroom from about 9:30 in the morning until about 4:30 or 5:00 in the afternoon. There will be an hour-long break for lunch and breaks in the middle of the morning and the afternoon. Are you taking any medications, or do you have a physical or medical condition, that could make it difficult for you to sit as a juror and give your full attention to the trial and the evidence in this case on that sort of schedule? Please also answer "yes" if you have difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case.

35. Do you have difficulty speaking, understanding, reading, or writing the English language?

36. After we pick the jury, we expect to start with opening statements and the presentation of evidence on Monday, July 6. The trial is expected to take approximately six weeks and then the jury will take the time it needs to complete its deliberations. Are there any matters that you simply must attend to during that time, such that you could be faced with a hardship if selected for the jury in this case?

37. Do you know of any other reason why you could not sit as a juror in this case and judge the evidence presented fairly and impartially and apply the law as instructed by the Judge?

**Defense's Proposed Additional Questions**

38. The government in this case is expected to call witnesses who have entered into plea agreements or cooperation agreements with the government, under which they hope to receive a reduced sentence in exchange for their testimony. Before hearing any evidence, do you have strong feelings — positive or negative — about whether a person who has made such an agreement is more or less believable than other witnesses?

39. If a witness admits that they are facing decades in federal prison and that their sentence depends on the government's assessment of how helpful their testimony was, would you be able to evaluate their testimony with the same skepticism you would apply to any witness who has a personal stake in the outcome?

**The United States objects to this question as improper argument.**

40. Do you believe that a witness who cooperates with the government and pleads guilty is more likely to be telling the truth simply because they admitted to a crime?

**The United States objects to this question as improper argument and covered by proposed question 30.**

41. Would you be able to follow the Judge's instruction that the testimony of a cooperating witness must be viewed with special caution and scrutinized with great care?

**The United States objects to this question as improper argument and also covered by proposed question 30.**

42. Under federal law, a person can be found guilty of a crime committed by someone else if the government proves they aided, counseled, or assisted in that crime. Do you have any views — one way or the other — about the fairness of holding someone criminally responsible for an act they did not personally commit?

**The United States objects to this question as improper argument.**

43. If the evidence shows that a defendant was not physically present at the scene of a shooting and did not fire any weapon, would you still be willing to consider whether he could be found guilty based solely on words he allegedly spoke beforehand?

**The United States objects to this question as improper argument and an attempt to precondition the jury with the defense theory of the case.**

44. Would you be able to evaluate carefully whether words spoken by a defendant actually caused a specific violent act — as opposed to assuming that a connection existed — before returning a guilty verdict?

**The United States objects to this question as improper argument and an attempt to precondition the jury with the defense theory of the case.**

45. You may hear testimony and see evidence that some of the defendants in this case were associated with a group or street crew involved in criminal activity. Would you be able to evaluate each defendant's individual conduct separately, rather than holding one defendant responsible for everything the group did?

46. If the evidence shows that a defendant was associated with people who committed crimes, would you be able to avoid concluding that the defendant himself committed those same crimes simply because of that association?

**The United States objects to this question as improper argument.**

47. Have you, or anyone close to you, had a personal experience involving gang violence or gang activity in Washington, D.C. or elsewhere that might affect your ability to evaluate the evidence fairly and impartially?

48. Do you understand that first-degree premeditated murder requires the government to prove, beyond a reasonable doubt, that a killing was planned in advance — and not simply that it resulted from a spontaneous or impulsive decision? Would you hold the government to that standard?

**The United States objects to this question as improper argument.**

49. If the government cannot prove beyond a reasonable doubt that a specific defendant planned or directed a killing — as opposed to being associated with those who carried it out — would you be able to return a not guilty verdict on the murder charge?

**The United States objects to this question as improper argument.**

50. Do you have any personal experiences involving the violent death of someone close to you that would make it difficult to be a fair and impartial juror in a case involving an alleged murder?

**The United States objects to this question as it is covered by proposed questions 16, 24, and 28.**

51. The government is expected to present a substantial amount of evidence in this case, including electronic communications, surveillance footage, and testimony from multiple witnesses. Would the sheer volume of that evidence make it more difficult for you to hold the government to its burden of proving guilt beyond a reasonable doubt as to each defendant individually?

**The United States objects to this question as improper argument.**

52. If you believed that a defendant was probably guilty, but were not certain beyond a reasonable doubt, would you be able to return a verdict of not guilty?

**The United States objects to this question as it is covered by proposed question 32.**

53. If contraband such as drugs or weapons is found in a home shared by more than one person, do you have any preconceived view about whether every person who lives in that home is equally responsible for the presence of those items?

**The United States objects to this question as improper argument and an attempt to precondition the jury with the defense theory of the case.**

54. Would you be able to follow the Judge's instruction that to convict a defendant of possession, the government must prove that the defendant personally knew the item was present and had the ability and intent to exercise control over it — rather than simply that it was found in a place the defendant had access to?

**The United States objects to this question as improper argument and attempt to precondition the jury with the defense theory of the case.**

55. The alleged events in this case occurred in the Southeast Washington, D.C. area. Do you have personal views about crime, safety, or policing in that community that would affect your ability to be a fair and impartial juror?

**The United States objects to this question as it is covered by proposed questions 8, 12, 14, and 15.**

56. Some residents of certain Washington, D.C. communities have complicated relationships with law enforcement. Would you be able to fairly evaluate testimony from a witness who chose not to report information to the police, without automatically concluding that the person was being untruthful or was involved in criminal activity?

**The United States objects to this question as improper argument.**

57. If you learn that a defendant has a prior criminal conviction, would you be able to follow the Court's instruction that such a conviction may not be used as evidence that the defendant committed the charges in this case?

**The United States objects to this question as improper argument.**

58. This case involves allegations spanning approximately seven years, multiple defendants, and a large number of witnesses and exhibits. Are you concerned that the length and complexity of the trial would make it difficult for you to maintain an open mind about each defendant and each separate charge throughout the entire proceeding?

**The United States objects to this question as improper argument.**