**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Crim. Action No. 23-0379-3 (ABJ) |
| JOSHUA NICHOLAS STEPHENSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On June 30, 2026, the government learned during a meeting with cooperating witness D.W. that Todd Baldwin, counsel for defendant Joshua Nicholas Stephenson, previously represented D.W. in an assault and battery case in the Arlington County Juvenile and Domestic Relations Court in February 2016. The government communicated the circumstances surrounding the possible conflict of interest immediately to Mr. Baldwin and the Court, and the Court set a hearing for July 2, 2026 at 1:30 p.m. It also called for the parties to submit their positions with respect to the potential conflict. The government submitted its position, *see* Govt.'s Notice of Position on Possible Conflict of Interest [Dkt. # 322], and Mr. Baldwin informed the Court and the government that he had "no recollection of representing [D.W.] nor about his case from 10 years ago," that the situation "came as a complete surprise," and that he had "specifically and intentionally not looked up anything about that representation in that case."[1]

On July 1, 2026, Rebecca LeGrand was appointed as conflicts counsel for defendant Stephenson for the limited purpose of providing him with information and advice concerning this

---

1    Mr. Baldwin entered his appearance in this case on August 24, 2025, after defendant Stephenson's previous lawyer moved to withdraw. By that time, D.W.'s role as a witness in this case was known to the parties, and it had already been publicly revealed in a related matter, *United States v. Daniels and Willis*, 22-cr-303, when D.W. testified on August 30, 2024.

issue.  She was able to meet with him on the morning of July 2, 2026, and she conferred with him briefly during the hearing as well.  In light of the representations made at the hearing, the Court has determined that additional steps are necessary.

It is hereby **ORDERED**, nunc pro tunc, that Ms. LeGrand is authorized to have direct communications with defendant Stephenson, who is a represented party under Rule of Professional Conduct 4.2, regarding the matter in which he is represented in order to advise him with respect to his rights and options in connection with any potential conflict between him and his counsel.

Given the matters discussed at the hearing, it is further **ORDERED** that Jonathan Zucker is  hereby appointed as a conflict attorney for the limited purpose of advising the Court with respect to the question of whether Mr. Baldwin's 2016 representation of D.W. in an unrelated misdemeanor matter creates a conflict between D.W. and Mr. Baldwin and/or a conflict between defendant Stephenson and Mr. Baldwin, and if so, whether any conflict can be waived and whether any additional steps are necessary.

It is **FURTHER ORDERED** that Mr. Zucker is authorized to have direct communications with defendant Stephenson regarding the matter in which he is represented by Mr. Baldwin to determine whether a conflict exists between him and his counsel.  Mr. Zucker is also authorized to have communications with the government lawyers in this case, with D.W.'s lawyer, Peter Fayne, and, with Mr. Fayne's consent, D.W., concerning the nature of his testimony in the upcoming trial in order to determine whether the need to confront the upcoming testimony creates a conflict between D.W. and Mr. Baldwin and/or defendant Stephenson and Mr. Baldwin, and if so, whether such a conflict can be waived.

It is **FURTHER ORDERED** that Mr. Zucker must submit a written report and recommendation on the potential conflict by July 4, 2026.  The report and recommendation must

be submitted *ex parte* and under seal to preserve the privacy of any privileged discussions between defendant Stephenson and his counsel or D.W. and his counsel that have not already been waived, and the Court will determine what portions, if any, may be unsealed after it has reviewed the report in camera.[2]  Mr. Zucker should docket a public status report reflecting that the report has been transmitted to the Court in camera when that step has been completed.

Finally, if at any point after the issuance of this Order, D.W. waives any potential conflict after consultation with his counsel, it is **ORDERED** that the waiver must be in writing, and it should be promptly provided to Mr. Zucker, to Mr. Baldwin, to the Court, and to the government for docketing in this case.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  July 2, 2026

---

2      Communications with the Court pursuant to this Order may be transmitted by email to the Court's Deputy Clerk, Damaris Rodriguez-Feleke.